**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

JuanPedro Martin Arellano,

Defendant.

No. CR-18-01845-001-TUC-RM (BGM)

**ORDER**

On February 13, 2019, the Court sentenced Defendant JuanPedro Martin Arellano in the above-captioned matter to a 16-month term of imprisonment followed by a 3-year term of supervised release. (Docs. 39, 40.) On July 19, 2023, the Court revoked Defendant's supervised release and sentenced him to a 6-month term of imprisonment followed by a 30-month term of supervised release. (Docs. 55, 56.) On November 10, 2025, Defendant filed a pro se Motion, averring that he is currently serving a state sentence and asking the Court to issue a writ of habeas corpus ad prosequendum for purposes of obtaining his presence at a supervised release violation hearing in this Court. (Doc. 59.) Defendant states in the Motion that similar requests were granted in two other cases in this district, *United States v. Navarro-Garcia*, CR-19-00149-001-PHX, and *United States v. Velasquez-Amarillas*, CR-22-000138-001-PHX. (Doc. 59 at 2.)[1] The Court ordered the

---

[1] In *Navarro-Garcia*, the defendant filed a similar pro se Motion, the Government in response elected to apply for a writ of habeas corpus ad prosequendum, the Court granted the application and issued a writ, and the Court thereafter granted the defendant's motion because the relief requested had been satisfied. (Docs. 71, 73, 75 in CR-19-00149-001-PHX.) The Court has been unable to locate the second case cited by Defendant.

Government to respond to the Motion. (Doc. 62.)

In its Response, the Government argues that Defendant is not entitled to speedy disposition of his supervised release violation charge in this Court; that waiting to bring Defendant into federal custody until after his release from state custody will alleviate the burdens of shuttling him back and forth from state and federal custody; and that Defendant will suffer no prejudice if he is required to finish his state sentence prior to the initiation of revocation proceedings in this Court, because the Sentencing Guidelines have a policy that the sentence imposed for a violation of supervised release is to run consecutively to any sentence imposed for a crime that is the basis for the revocation, and this Court may vary or depart from the Guidelines to impose a shorter sentence if appropriate. (Doc. 63.) The Government avers that Defendant's projected release date from state custody is June 2, 2026, that a federal detainer has been lodged, and that the United States Marshal will arrest Defendant and transport him to federal custody upon his release from state custody. (*Id.* at 1-2.)

After the Government filed its Response, Defendant filed a pro se Motion to Request Concurrent Sentence (Doc. 64), in which he asks the Court to impose a supervised release violation sentence concurrent with his state sentence.

Because Defendant's release from state custody will occur in the near future, the Court will deny his Motions to the extent they request the issuance of a writ of habeas corpus ad prosequendum. The Court will also deny the Motion to Request Concurrent Sentence as premature to the extent it requests a specific supervised release violation sentence.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 2 -

**IT IS ORDERED** that Defendant's Motion requesting the issuance of a writ of habeas corpus ad prosequendum (Doc. 59) and Motion to Request Concurrent Sentence (Doc. 64) are **denied**.

Dated this 6th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge